**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene De La Cruz Bravo,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-02566-PHX-ROS<br><br>**ORDER** |

On January 3, 2019, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending Petitioner Rene De La Cruz Bravo's petition for writ of habeas corpus be denied as untimely. (Doc. 13). The R&R recounted that Petitioner pled guilty and was sentenced in state court on January 30, 2008. Petitioner did not file a timely request for post-conviction relief in state court and he did not file his federal petition until August 10, 2018, more than nine years after the one-year statute of limitations expired. The R&R concluded Petitioner had not established statutory or equitable tolling applied, nor had Petitioner established the "actual innocence" exception applied. Therefore, the R&R recommended the petition be denied as untimely.

Petitioner filed objections but those objections do not identify any flaws in the R&R's reasoning. (Doc. 16). Instead, Petitioner states "the State is blindly using the untimeliness of his appeal and PCR proceedings in order to not experience the truths when it comes to his claim of Ineffective Assistance of Counsel." (Doc. 16 at 1). Petitioner requests the Court "push aside the untimeliness and all that comes with it" so that his claims

can be heard on the merits. It appears Petitioner believes the strength of his underlying claims should be enough to overcome his failure to file his petition within the limitations period.

Claims can be "time-barred regardless of their strength." *Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012). And "sympathy alone neither delays the start date of [the] statute of limitations nor constitutes an equitable exception." *Id.* at 1239. Regardless of the underlying merits of Petitioner's claims, the law does not allow the Court to reach them. Petitioner waited over nine years after the expiration of the statute of limitations to file his federal petition. Petitioner has not established any basis to excuse that delay.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN FULL**. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 5th day of March, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge